IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION


**DARNELL DELK,**
                        Petitioner,

-vs-                                                                           Case No. A-10-CA-171-SS

**RICK THALER,**
**Director, Texas Dept. of Criminal Justice-**
**Correctional Institutions Division,**
                        Respondent.

_____


## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Darnell Delk ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the memorandum in support thereof [#2], the Report and Recommendation of the Magistrate Judge [#6] and Petitioner's objections thereto [#9].

All matters in this case were referred to the Honorable Robert Pitman, United States Magistrate Judge, for report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended, effective December 1, 2002. On March 30, 2010, the Magistrate Judge issued his report and recommendation that Petitioner's petition for writ of habeas corpus be dismissed as time-barred. Petitioner timely filed written objections to the Magistrate's report and recommendation, and thus the Court reviews the Magistrate Judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."). Having reviewed the petition, the report and recommendation, the objections, the applicable law, and the case file as a whole, the Court ACCEPTS the Magistrate Judge's report and recommendation and, for the reasons set forth below, finds Petitioner's application for writ of habeas corpus should be DISMISSED as time-barred.

## BACKGROUND

The following are the background facts as asserted by Petitioner. The Director has custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. Petitioner was charged with aggravated robbery committed on January 29, 1985. *See* Pet'r's Memo. [#2 at Ex. A]. He pled not guilty to the charge. On June 18, 1985 a jury convicted and sentenced Petitioner to ninety years in prison. *Id.* The Third Court of Appeals affirmed Petitioner's conviction on July 23, 1986. *Delk v. State*, No. 03-85-00173-CR (Tex.App. – Austin 1986). He filed a petition for discretionary review which the Texas Court of Criminal Appeals refused on November 12, 1987. *Delk v. State*, PD No. 0976-86.

Subsequently, Petitioner filed five state applications for habeas corpus relief. The Texas Court of Criminal Appeals denied Petitioner's first application on August 22, 1990. *Ex parte Delk*, Appl. No. 21,415-01. Petitioner's next application was denied on February 27, 1991. *Ex parte Delk*, Appl. No. 21,415-02. On October 20, 2004, Petitioner's third application was dismissed as non-compliant. *Ex parte Delk*, Appl. No. 21,415-03. Petitioner's fourth and fifth applications were dismissed as successive on September 14, 2005 and February 10, 2010 respectively. *See Ex parte Delk*, Appl. No. 21,415-04*; see also Ex parte Delk*, Appl. No. 21,415-05.

**PETITIONER'S GROUNDS FOR RELIEF**

Petitioner raises several grounds for relief:

1. The trial court allowed the prosecutor to instruct the jury to punish Petitioner more harshly for extraneous offenses;

2. The trial court erred in appointing trial counsel to represent Petitioner on appeal;

3. Petitioner was tried in jail clothes;

4. Petitioner was tried by an all white jury; and

5. Petitioner received ineffective assistance of counsel;

Pet. [#1 at 7-8].

Several of these claims above revolve around evidence admitted at Petitioner's trial involving the sexual assault of Kristen Johnston. *Id.*

**I.    ANALYSIS**

**(A)    The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"]. Pub. L. No. 104-132, 110 Stat. 1214 (1996). The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. Section (d) of the statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Thus, the AEDPA establishes a one-year limitation period for state prisoners to file federal habeas applications. Pursuant to § 2244(d)(2), the period during which a "properly filed" state habeas application regarding the same conviction and sentence is pending does not count toward that one-year period. *See id.*

**(B)   Application to Petitioner**

Petitioner's conviction became final before AEDPA was enacted on April 24, 1996. The Third Court of Appeals confirmed his conviction on July 23, 1986. The Texas Court of Criminal Appeals denied discretionary review on November 12, 1987 and thus, Petitioner's judgment became final. Petitioner claims he did not know a petition for discretionary review was filed on his behalf; however, this fact is irrelevant to this application. A petition for discretionary review must be filed within 30 days after the day the court of appeals' judgment is rendered (unless a timely motion for rehearing is filed, which Petitioner does not allege is the case). TEX. R. APP. P. 68.2. Thus, if Petitioner did not file for discretionary review, his judgment became final, at the latest, 30 days after the Court of Appeals rendered its judgment on July 23, 1986.

Where a conviction became final before the enactment of AEDPA, the petitioner had one year following the effective date of the Act in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n. 1 (5th Cir. 2000). This allowed for claims technically time-barred prior to AEDPA's enactment to have a reasonable amount of time (one-year) to file. *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Petitioner had until April 24, 1997 to file a petition, absent any tolling. Petitioner's state applications for habeas relief did not operate to toll the grace period because the only two applications decided on the merits were filed and denied before AEDPA was enacted. The later applications were not properly filed and thus did not toll the limitations period. A state habeas application must conform with all procedural filing requirements to be considered "properly filed." *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). Petitioner's third application was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). Moreover, Petitioner's third, fourth and fifth applications were filed after AEDPA's one-year grace period had expired. Petitioner argues in his objections federal courts can look beyond state procedural issues; however, this does not take into account the enactment of AEDPA in 1996, which changed how federal courts handle habeas corpus applications. *See* Pet.'r's Objection [#9 at 5] (citing *Reed v. Ross*, 468 U.S. 1, 11 (1984) (pre-AEDPA treatment of federal courts' requirements for § 2254)).

Petitioner's application falls outside the statutory period and offers no reason why he has waited more than twenty years to file his federal petition. The Fifth Circuit has held a petitioner is entitled to equitable tolling when he is "prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999). Petitioner does not allege rare or

extraordinary circumstances that impeded him from filing his federal habeas petition in a timely manner to establish a basis for equitable tolling.

The record does not reflect an unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. None of his claims concern a new constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Moreover, the factual predicate for Petitioner's claims of ineffective assistance of trial counsel would have been known or could have become known prior to the enactment of AEDPA. Because none of the allegations in all of Petitioner's pleadings indicate he may be entitled to assert his federal habeas petition at this late date, over 13 years after it was due, the Court finds the one-year statute of limitations expired as of April 24, 1997. Thus, the Court finds Petitioner's application is time-barred and he is not entitled to an evidentiary hearing.

## II.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## CONCLUSION

Accordingly, this Court finds Petitioner's for federal habeas corpus is time-barred under 28 U.S.C. § 2244(d).

In accordance with the foregoing:

IT IS ORDERED that the Report and Recommendation of the Magistrate Judge [#6] is ACCEPTED.

IT IS FURTHER ORDERED that Petitioner Darnell Delk's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DISMISSED as time-barred.

SIGNED this the 6th day of July 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE